IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WIGGINS, | 1:09-cv-00613-OWW-BAK-GSA (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY (Doc. 19) |
| vs. | ORDER DENY PETITIONER'S REQUEST |
| KEN CLARK, | FOR JUDICIAL NOTICE (Doc. 13) |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges a decision of the Board of Parole Hearings ("BPH") denying his suitability for parole. On August 20, 2009, Petitioner filed the instant motion for discovery, seeking access to the Governor's annual reports from 2005-2008. (Doc. 19). Petitioner has also requested that the Court take judicial notice of the decision of the United States District Court for the Central District of California regarding Petitioner's prior habeas corpus petition challenging an earlier decision of the BPH regarding Petitioner's parole eligibility. (Doc. 13).

DISCUSSION

A. <u>Motion for Discover</u>.

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." <u>Riddle v. Dyche</u>, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J.,

dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions. Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).

Petitioner seeks copies of the Governor's annual reports from 2005-2008. Petitioner alleges that such documents would "substantiate the claim raised in the instant petition." (Doc. 19, p. 2). At this time, the Court does not perceive the relevance of such documents.

As Respondent correctly points out, an inmate does not have a constitutional right to have the Governor review a decision of the BPH finding that inmate unsuitable for parole. (Doc. 21, p. 3). Although it appears that Petitioner would like to establish that Respondent has widespread policy of denying parole based solely on the facts of the underlying crime, nevertheless, the only relevant inquiry on this habeas petition is whether, *in this instance*, the state court adjudication was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). The fact that in other, unrelated cases, the Governor *may* have improperly reviewed a grant of parole by the BPH is completely irrelevant to the issue before the Court in this petition. Accordingly, the discovery sought in this motion is irrelevant and will be denied.

B. <u>Request for Judicial Notice</u>.

The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp</u>., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); <u>see also</u> Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980).

Here, Petitioner requests that the Court take judicial notice of a decision of the Central District of California regarding an earlier federal habeas petition filed by Petitioner to challenge a prior denial of parole. While, as discussed above, the Court may take judicial notice of such decisions, at the present time the Court does not see the relevance of the court record referred to by Petitioner. At such time as the Court may finally address on their merits the issues raised in the petition, the Court will revisit the issue of judicial notice and make a final determination regarding Petitioner's request. At this time, however, the Court will deny the request without prejudice.

ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for discovery (Doc. 19), is DENIED; and,

2. Petitioner's request for judicial notice (Doc. 13), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 15, 2009**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE