# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WIGGINS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KEN CLARK,<br><br>　　　　　Respondent. | 1:09-CV-00613 0WW JMD HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO TRANSFER CASE TO CENTRAL DISTRICT OF CALIFORNIA<br>[Doc. 29] |

Keith Wiggins (hereinafter "Petitioner") is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1989 conviction for second degree murder. The instant petition for writ of habeas corpus does not challenge his conviction; rather, Petitioner challenges the decision by the California Board of Parole Hearings to deny him parole.

On May 2, 2010, Petitioner informed the Court that he is currently incarcerated at Chuckawalla Valley State Prison in Blythe, California. Petitioner further moved the Court to transfer his case to the Central District of California. Blythe, California is located in Riverside County, which falls within the Central District of California. 28 U.S.C. § 84(c)(1). Petitioner was convicted in Los Angeles County, which also falls within the Central District of California. 28 U.S.C. § 84(c)(2).

Venue for a habeas petition lies in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d).  As Petitioner is not currently confined, nor was he convicted in this judicial district, the Court finds that a transfer is appropriate, especially as the district of confinement is the preferable forum to review the execution of a sentence, such as a parole denial

1  claim.. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("proper forum to challenge the
2  execution of a sentence is the district where the prisoner is confined") (citing *United States v.*
3  *Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)). As Petitioner is confined in the Central District of
4  California and challenging the execution of his sentence, this action is TRANSFERRED to the
5  United States District Court for the Central District of California. The clerk shall transfer this matter
6  forthwith.

8  IT IS SO ORDERED.
9  **Dated:   August 27, 2010**          **/s/ John M. Dixon**
                                          UNITED STATES MAGISTRATE JUDGE